[No. B099056. Second Dist., Div. One. June 27, 1996.]

LAURENCE M. DAVID, Plaintiff and Respondent, v.
R. PATRICK ABERGEL, Defendant and Appellant.

## COUNSEL

Leonard, Dicker & Schreiber, Richard C. Leonard and Jack M. Snyder for Defendant and Appellant.

Ronald W. Fidler for Plaintiff and Respondent.

## OPINION

**VOGEL (Miriam A.), J.**—Laurence M. David, M.D., sued R. Patrick Abergel, M.D., for damages in what was essentially a breach of contract action. Abergel answered and cross-complained. Four years later, David and Abergel agreed to arbitrate their disputes and dismiss their lawsuit, and they signed a written agreement for binding arbitration in which they conferred upon the arbitrator (Hon. Lester E. Olson, retired) the power to *"grant any*

*remedy or relief to which a party is entitled under California law.*" (Italics added.) Following a hearing, the arbitrator issued a 22-page decision denying all relief requested by David, awarding Abergel the sum of $9,335.02 plus interest, and reserving jurisdiction to consider fees, costs and other related matters. Abergel then submitted a motion for sanctions under Code of Civil Procedure section 128.5,[1] asking for $75,000 in attorneys' fees and claiming that David's action was frivolous. Over David's opposition, the arbitrator granted the motion and awarded $75,000 to Abergel.[2]

Abergel petitioned the trial court for confirmation of the award. Over David's opposition, the trial court granted the petition as to the actual award in favor of Abergel—but denied it insofar as the sanction award was concerned because (according to the trial court) there was no "explicit authorization" by the parties to permit the arbitrator to award sanctions. Abergel appeals from that part of the judgment denying his request for confirmation of the sanction award. We reverse.

## DISCUSSION

■ We agree with Abergel that the entire award, including the arbitrator's award of sanctions, should have been confirmed.[3] Simply put, when parties have agreed in writing to binding arbitration and to confer upon their arbitrator the power to "grant any remedy or relief to which a party is entitled under California law," we presume they meant what they said—and our Supreme Court has declared that they will be held to those words. (*Moncharsh* v. *Heily & Blase* (1992) 3 Cal.4th 1, 8 [10 Cal.Rptr.2d 183, 832 P.2d 899] [the powers of an arbitrator are determined by the agreement of submission]; *Advanced Micro Devices, Inc.* v. *Intel Corp.* (1994) 9 Cal.4th 362, 381 [36 Cal.Rptr.2d 581, 885 P.2d 994] [the remedy selected by an

---

[1] All section references are to the Code of Civil Procedure.

[2] Among other things, the arbitrator found that David had "fabricated a carpet of illusion" based upon a complaint that was an "attempt . . . to weave a claim from threads of false statements," described David's claims as "patently ridiculous," "bizarre," "absolutely false," and "so incorrect and unsupported by the evidence as to be tragic," and found that David and his witnesses took so many "inconsistent positions" in discovery and at trial that it appeared they all suffered from "chronological dyslexia." The merits of the sanction award were not before the trial court and are not before us.

[3] David contends the trial court's decision should be affirmed on the ground that the arbitrator's sanction award was untimely under the terms of the parties' agreement (which required that the arbitrator's "award" be made within 30 days after the matter was submitted to him). Aside from the fact that any such issue was waived by David's failure to raise it below (*North Coast Business Park* v. *Nielsen Construction Co.* (1993) 17 Cal.App.4th 22, 28-29 [21 Cal.Rptr.2d 104]; *Association for Protection etc. Values* v. *City of Ukiah* (1991) 2 Cal.App.4th 720, 737 [3 Cal.Rptr.2d 488]), David conveniently ignores the fact that the award on the merits *was* timely made and that the arbitrator expressly reserved his jurisdiction to thereafter decide various issues regarding costs and fees.

arbitrator will be upheld so long as it was even arguably based on the parties' arbitration agreement].)

We summarily reject David's suggestion that the reference to "California law" does not include section 128.5 because (according to David) that statute, by its terms, applies "only" to trial courts and *judicial* arbitration proceedings.[4] The problem with this argument is that the "only" comes from David's imagination, not from the statute, and there is *nothing* in section 128.5 to suggest the Legislature intended to prohibit an award of sanctions in a nonjudicial arbitration where, as here, the parties have agreed to confer upon the arbitrator the right to grant "any remedy or relief" available under California law.[5]

Although we do not find anything ambiguous or uncertain about the language adopted by the parties in their agreement to arbitrate, we note for the record that the trial court in any event should have deferred to the arbitrator's finding that an award of sanctions *was* within the scope of the arbitration agreement.[6] As the Supreme Court put it in *Advanced Micro Devices, Inc.* v. *Intel Corp., supra,* 9 Cal.4th at page 373, any other rule would defeat the parties' fundamental expectation of finality by inviting frequent and protracted judicial proceedings.

Our conclusion that the sanction remedy was within the scope of the arbitrator's authority means that Abergel was entitled to have the entire award confirmed.

---

[4] As relevant, subdivision (a) of section 128.5 permits "[e]very trial court" to award sanctions as therein provided and states that "[t]his section also applies to judicial arbitration proceedings . . . ."

[5] The two cases David relies on predate the Supreme Court's 1994 decision in *Advanced Micro Devices, Inc.* v. *Intel Corp., supra,* 9 Cal.4th 362, and they are in any event factually inapposite. *Thompson* v. *Jespersen* (1990) 222 Cal.App.3d 964 [272 Cal.Rptr. 132] did not include contractual language remotely similar to that which is before us in this case (the parties simply agreed to submit their dispute to arbitration) nor did it involve an award of sanctions—what it did involve was an arbitrator's award of attorney's fees where there was no contractual or statutory basis for such an award. (*Id.* at p. 968.) It is hardly surprising, therefore, that Division Two of our court refused to uphold the fee award. In *Luster* v. *Collins* (1993) 15 Cal.App.4th 1338 [19 Cal.Rptr.2d 215], the parties agreed to binding arbitration as authorized by the Code of Civil Procedure but, as in *Thompson,* they did not include language conferring specific authority on the arbitrator vis-à-vis the remedies he might fashion. Further, the arbitrator in *Luster* imposed a monetary penalty designed to accrue on a daily basis until one of the parties complied with the arbitrator's other orders, not a *sanction qua sanction* under section 128.5. (15 Cal.App.4th at pp. 1348-1350.)

[6] In his supplemental award, the arbitrator specifically found that he had "the power and jurisdiction to consider and grant sanctions pursuant to [s]ection 128.5. . . . [¶] The parties intended by their arbitration agreement to confer upon the arbitrator the same authority as would have been vested in a judge of the Superior Court to hear and decide the issues framed by the pleadings which had been on file[] in the Superior Court before the case was dismissed pursuant to the agreement of the parties."

## DISPOSITION

The judgment is reversed insofar as it denies Abergel's petition to confirm the $75,000 sanction award, and the matter is remanded to the trial court with directions to modify the judgment nunc pro tunc to include the $75,000. Abergel is awarded his costs of appeal.

Ortega, Acting P. J., and Masterson, J., concurred.