[No. A088891. First Dist., Div. Five. Nov. 28, 2000.]

MAT J. ROGERS, Plaintiff and Appellant, v.
RENE PEINADO et al., Defendants and Respondents.

2

## COUNSEL

Katzoff & Riggs, Kenneth S. Katzoff, Robert R. Riggs and Sung E. Shim for Plaintiff and Appellant.

Vogl & Meredith, Samuel E. Meredith, Nicole L. Meredith; and Stephen T. Gargaro for Defendants and Respondents.

## OPINION

**JONES, P. J.**—Mat J. Rogers filed a complaint against Rene Peinado and his former attorneys, Herman A.D. Franck and Stephen Gargaro, alleging that they had maliciously prosecuted a counterclaim in a private arbitration of Rogers's action to foreclose on a mechanic's lien. Peinado, Franck and Gargaro demurred to the complaint, arguing that a malicious prosecution action could not be based on proceedings in a private contractual arbitration. Citing *Sagonowsky v. More* (1998) 64 Cal.App.4th 122 [75 Cal.Rptr.2d 118] and the language of the private arbitration agreement, the trial court concluded that Rogers could not state a cause of action for malicious prosecution and sustained the demurrer without leave to amend.

We conclude that when Rogers and Peinado contracted to resolve their disputes by arbitration and made no exception for a subsequent judicial

proceeding alleging malicious prosecution, they foreclosed pursuit of a judicial remedy for malicious prosecution against one another. In the absence of a contractual provision to the contrary, the aggrieved party is limited to the contract's remedy of private arbitration. We will therefore affirm the judgment in favor of Peinado.

We reach a different conclusion as to respondents Franck and Gargaro. Inasmuch as Attorneys Franck and Gargaro were not parties to the contract between Rogers and Peinado, they may not take refuge behind the arbitration clause in that contract to avoid Rogers's tort claim for malicious prosecution. In our view, a claim in a contractual arbitration proceeding may be a prior action of the sort to support a malicious prosecution cause of action. Accordingly we will reverse the judgment with respect to Franck and Gargaro.

## I. FACTS

As this matter comes to this court following the sustaining of a demurrer, we treat the demurrer as admitting all material facts properly pleaded in the complaint. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].) The material facts as alleged in Rogers's complaint are as follows:

Peinado hired Rogers to renovate and convert a building into condominium units. Peinado and Rogers signed a written agreement and Rogers performed the work, but a dispute arose over the cost of labor and materials for installing a staircase. When Rogers did not receive payment, he recorded a mechanic's lien and filed a complaint to foreclose on the lien. Rogers claimed he was owed $11,085.

Ultimately the dispute was submitted to an arbitrator from the American Arbitration Association pursuant to an arbitration provision in the parties' written agreement. In the arbitration, Peinado asserted a counterclaim for $8,050 for various construction defects. Peinado also sought damages resulting from an "improper mechanics lien" and other actions by Rogers.

Franck and Gargaro represented Peinado in the arbitration proceeding. After considering the evidence submitted by the parties, the arbitrator awarded Rogers $11,818.08. The arbitrator denied Peinado's counterclaim in its entirety.

Rogers filed a petition to confirm the arbitration award in San Francisco County Municipal Court, which Peinado opposed by filing a petition to

vacate the arbitration award. The court granted Rogers's petition, denied Peinado's petition, and entered judgment in accordance with the award of the arbitrator.

Peinado made other attempts to overturn the arbitration award, including filing a motion to set aside the judgment, an appeal with the appellate division of the superior court, a motion to stay enforcement of the judgment without posting bond, and a motion to transfer the case to this court. None was successful.

## II. PROCEDURAL HISTORY

Rogers filed his complaint for malicious prosecution after defeating the attempts to overturn the arbitration award. He alleged that Peinado, Franck and Gargaro had no probable cause for bringing the counterclaim, and that the purpose of the counterclaim and other tactics both during and after the arbitration proceedings was to punish him and increase his litigation expenses beyond the amount of his recovery.

Peinado, Franck and Gargaro filed a demurrer to the complaint on the ground that it failed to state facts sufficient to constitute a cause of action. Peinado, Franck and Gargaro asserted, inter alia, that a malicious prosecution action could not be based on a private arbitration.

 ██ ██ The trial court sustained the demurrer without leave to amend as to the entire complaint and Rogers appealed.[1]

## III. DISCUSSION

██ When reviewing an order sustaining a demurrer without leave to amend, we determine whether the complaint states facts sufficient to constitute a cause of action, or whether any defects can be cured by amending the complaint. (*Blank v. Kirwan, supra,* 39 Cal.3d at p. 318.) We may consider matters that may be judicially noticed. (*Ibid.*)[2]

---

[1]Rogers appeals from the order sustaining the demurrer without leave to amend. An order sustaining a demurrer is not an appealable order, and no judgment or order of dismissal appears in the record before us. However, as the appeal has been fully briefed, we will deem the order sustaining the demurrer to incorporate a judgment of dismissal and treat Rogers's notice of appeal as being from the dismissal. (*Thaler v. Household Finance Corp.* (2000) 80 Cal.App.4th 1093, 1098 [95 Cal.Rptr.2d 779].)

[2]Gargaro submitted a declaration in support of the demurrer in which he asked the trial court to take judicial notice of the contract between Rogers and Peinado. Gargaro represented that the contract was part of the court's files. Rogers did not object to the request for judicial notice, and he does not dispute the authenticity of the contract attached to the declaration. The

■ In order to establish a cause of action for malicious prosecution, a plaintiff must plead and prove that a prior action was commenced by or at the direction of the defendant, that the prior action terminated in the plaintiff's favor, and that the prior action was brought without probable cause and initiated with malice. (*Crowley v. Katleman* (1994) 8 Cal.4th 666, 676 [34 Cal.Rptr.2d 386, 881 P.2d 1083].) Upon a sufficient showing, the plaintiff in the subsequent malicious prosecution action may establish a cause of action against the party who brought the prior suit as well as that party's attorneys. (*Sheldon Appel Co. v. Albert & Oliker* (1989) 47 Cal.3d 863, 881-882 [254 Cal.Rptr. 336, 765 P.2d 498].)

*Sagonowsky v. More*

■ We begin our analysis of the claims at issue here with a review of *Sagonowsky v. More, supra,* 64 Cal.App.4th 122 (*Sagonowsky*), which the parties discuss at length in urging their respective positions, and upon which the trial court relied.

*Sagonowsky* involved malicious prosecution actions brought against Attorney More who had represented the *Sagonowsky* plaintiffs' adversary in a private contractual arbitration proceeding. Sagonowsky purchased a four-unit apartment, and later entered a tenancy in common agreement with three others, including tenant Searle, who had lived in the building for some years. The agreement contained an arbitration clause. When a dispute arose under the agreement, Searle made a demand for arbitration against Sagonowsky and cotenants K and M, who responded by naming Searle as a defendant in a complaint they filed in San Francisco Superior Court. Searle successfully moved to compel arbitration of the superior court action. An arbitrator ultimately entered an award denying Searle's claim, as well as the cross-claim of Sagonowsky and her two cotenants. Thereafter Searle's adversaries in the arbitration proceeding filed actions for malicious prosecution against Searle's attorney, Antonia More (More).

On More's demurrer to the (consolidated) complaints, the trial court dismissed the actions, finding that a malicious prosecution action was not available to the *Sagonowsky* plaintiffs. (*Sagonowsky, supra,* 64 Cal.App.4th at p. 127.) Division Four of this court agreed: "[O]n these facts we find the trial court did not err in sustaining the demurrer to the cause of action for malicious prosecution on the basis that the private, contractual arbitration which terminated in [the appellants'] favor was not a 'prior action' of the sort which will support such a claim." (*Id.* at p. 134, fn. omitted.)

trial court must have taken judicial notice of the contract because it referred to the contract in its order sustaining the demurrer. We will take judicial notice of the contract pursuant to Evidence Code section 459, subdivision (a).

The *Sagonowsky* court addressed as a question of first impression whether a private contractual arbitration will support a claim for malicious prosecution.[3] *Sagonowsky* acknowledged that a malicious prosecution action may be based on a prior judicial arbitration (*Stanley v. Superior Court* (1982) 130 Cal.App.3d 460, 472 [181 Cal.Rptr. 878]), or on administrative proceedings (*Hardy v. Vial* (1957) 48 Cal.2d 577, 581 [311 P.2d 494, 66 A.L.R.2d 739]; *Nicholson v. Lucas* (1994) 21 Cal.App.4th 1657, 1664 [26 Cal.Rptr.2d 778]). Nevertheless, the court concluded that contractual arbitration was not a prior action which would support a claim for malicious prosecution. *Sagonowsky* reasoned that contractual arbitration was fundamentally unlike judicial arbitration or an administrative proceeding. With respect to judicial arbitration, the court observed: "The crucial difference between the two types of arbitration is that a judicial arbitration does not arise from an agreement to arbitrate entered into by the parties, but is mandated by the Legislature as to certain civil cases filed in court." (*Sagonowsky, supra,* 64 Cal.App.4th at p. 132.) With respect to administrative proceedings, the court explained that persons subjected to an administrative proceeding have "well and truly been hailed into the proceeding," and have had to defend themselves in a public forum. (*Id.* at p. 133.) "In contrast[,] appellants expressly contracted for private arbitration and defined the scope of disputes subject to that arbitration broadly . . . ." (*Ibid.*)

*Sagonowsky* then analyzed the two arbitration clauses in two contracts between the cotenants and found that "the intent of the parties as expressed in both agreements was to strictly limit recourse to judicial remedies and submit 'any dispute' regarding each agreement to private arbitration." (*Sagonowsky, supra,* 64 Cal.App.4th at p. 134.) Of course, if More did not enter into either contract,[4] the contractual language could only express the intent of the *Sagonowsky* plaintiffs.

Thus, *Sagonowsky* implicitly treats equally both the adversary (Searle), who signed the agreement, and the attorney (More) who represented her. Yet the law of malicious prosecution does not equate the attorney and the client. The attorney owes a duty to represent his or her client zealously; he or she does not have a duty of care toward the adversary. The client's malice is not imputed to the attorney; rather, the liability of the attorney depends upon the attorney's own action of maliciously pursuing an objectively untenable claim. (See *Sheldon Appel Co. v. Albert & Oliker, supra,* 47 Cal.3d at pp. 881-882.) Likewise, the client's agreement to arbitrate should not be imputed to the attorney who represents the client in the arbitration proceedings.

[3]The only defendant in *Sagonowsky* was the attorney representing the opposing party in the arbitration.

[4]We see no evidence in the record to suggest that More was a party to any contract; rather she represented Searle.

We cannot agree with *Sagonowsky*'s implicit conclusion that the arbitration clause to which the plaintiffs agreed bound them as to the entire universe of persons who might have engaged in tortious conduct of a malicious prosecution. On the other hand, *Sagonowsky*'s contractual analysis does have application to Rogers's claim against Peinado.

### Rogers's claim against Peinado

With regard to Rogers's malicious prosecution claim against Peinado, the contract defines Rogers's rights and his remedy. Parties who contract for private arbitration can define the scope of disputes subject to arbitration, and specify which, if any, avenues of action in court shall remain open. (*Sagonowsky, supra,* 64 Cal.App.4th at p. 133.) "Whether their motives are to cut costs, reduce delay, or simply to avoid making their dispute public, or some other motive altogether, the essence of how a dispute is to be resolved is a matter to be decided by the parties as between themselves." (*Ibid.*) Thus, parties who contract for private arbitration must submit any dispute regarding their agreement, including the malicious prosecution of an arbitration claim or counterclaim, to the arbitrator, absent language in the arbitration clause to the contrary.

Rogers seeks to persuade us that *Sagonowsky* should be limited to the facts of that case. He asserts that the malicious conduct he was subjected to was substantially more egregious than that described in *Sagonowsky*, and that he should be permitted to pursue his judicial action against all defendants. However, it is not the conduct of the parties during the arbitration that determines whether a malicious prosecution action can be pursed, but instead it is the existence of an arbitration agreement and the language of the arbitration clause. Here, the arbitration clause in the contract between Rogers and Peinado provided: "Any problems or claims arising out of, or relating to, this contract, shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment may be entered on the award in any court having jurisdiction."

This arbitration clause is similar to the clauses at issue in *Sagonowsky*.[5] If anything, it evinces a stronger intent to stay out of court than the

---

[5]The arbitration in *Sagonowsky* was based on clauses in two contracts. One contract contained a clause that provided in pertinent part: " 'Any dispute or claim in law or equity arising out of this contract or any resulting transaction shall be decided by neutral binding arbitration in accordance with the rules of the American Arbitration Association, and not by court action except as provided by California law for judicial review of arbitration proceedings. . . .' " (*Sagonowsky, supra,* 64 Cal.App.4th at p. 125, fn. 1.) The clause excluded certain matters from arbitration, but it did not exclude malicious prosecution actions. The

*Sagonowsky* clauses, because it contains no exclusions from arbitration. The clause covers Rogers's malicious prosecution action against Peinado because the action arises out of, or is related to, the contract. (See *Merrick v. Writers Guild of America, West, Inc.* (1982) 130 Cal.App.3d 212, 219 [181 Cal.Rptr. 530] [malicious prosecution action subject to arbitration because the action has its roots in the relationship created by the contract containing the arbitration clause].) Rogers does offer to amend his superior court complaint to allege an intent not to waive any claim for malicious prosecution. But we reject his proposal, because it contradicts the terms of the arbitration clause. (See *Freeman v. San Diego Assn. of Realtors* (1999) 77 Cal.App.4th 171, 178, fn. 3 [91 Cal.Rptr.2d 534].)

Rogers and Peinado agreed to submit their disputes to arbitration, leaving Rogers no recourse to a judicial remedy against Peinado. That does not mean Rogers is without a remedy against Peinado. Rogers may submit his malicious prosecution claim against Peinado to binding arbitration under his contract with Peinado. Just as the limitation on recourse to a judicial remedy is grounded in the parties' contract, the contract dictates the arena in which the malicious prosecution claim may be pursued.

*Rogers's claim against Franck and Gargaro*

The foundation of the *Sagonowsky* decision is that parties to contractual arbitration have, through their contract, agreed to stay out of court. That foundation is absent with respect to Franck and Gargaro because they were not parties to the contract containing the arbitration clause. They made no promises to Rogers and they were not bound by the arbitration clause. We therefore fail to see how they can raise the arbitration clause as a shield against Rogers's claim that they maliciously commenced the counterclaim in the arbitration.[6]

---

second contract contained an arbitration clause that similarly provided for binding arbitration of any dispute regarding that contract. (*Id.* at p. 126.)

[6]There are circumstances under which a nonsignatory to a contract can compel arbitration. Nonsignatories may claim they are third party beneficiaries of the contract, or they may invoke the principles of agency or equitable estoppel. (See *MS Dealer Service Corp. v. Franklin* (11th Cir. 1999) 177 F.3d 942, 947.) Franck and Gargaro are not third party beneficiaries of the contract between Rogers and Peinado, nor were they agents of Peinado with respect to the contract. Equitable estoppel may be invoked when the signatory to the contract alleges substantially interdependent and concerted misconduct by the nonsignatory and the other signatory to the contract. (*Ibid.*) As we have noted, however, an attorney's liability in a malicious prosecution action depends on his or her own actions. The attorney's conduct is not necessarily interdependent and concerted with his or her client's. More importantly, the linchpin of equitable estoppel is fairness. (*Grigson v. Creative Artists Agency*

As we have explained, the fact that Rogers expressly contracted for private arbitration is not a reason to deny him a cause of action for malicious prosecution when the abuse of the arbitration process is by someone other than a party to the arbitration agreement. We find no basis in law or logic to explain why Rogers would be permitted to assert a cause of action for malicious prosecution against third party attorneys representing the opposing party following a judicial arbitration or administrative proceeding, but not after a contractual arbitration. In fact, we believe the public policy favoring contractual arbitration is advanced by permitting some redress for the filing of baseless claims in arbitration. A party's decision to enter into a contract with an arbitration provision is not without significant risk. Parties entering arbitration agreements do so with the knowledge that reviewing courts will not overturn an arbitrator's award, even if the arbitrator erred in interpreting the law. (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 28 [10 Cal.Rptr.2d 183, 832 P.2d 899].) Neither will a reviewing court overturn an arbitrator's decision to refuse to award attorney fees to the party claiming to have prevailed, even in disputes subject to an attorney fees provision. (*Moshonov v. Walsh* (2000) 22 Cal.4th 771, 776 [94 Cal.Rptr.2d 597, 996 P.2d 699]; *Moore v. First Bank of San Luis Obispo* (2000) 22 Cal.4th 782, 786 [94 Cal.Rptr.2d 603, 996 P.2d 706].) Indeed, denial of recourse for the abuse of the arbitration process would, in our view, have the deleterious effect of discouraging parties to common business relationships from entering arbitration agreements. "With respect to bargained for arbitration clauses, if parties are aware that they will have no redress for abuse of the process they will be less likely to agree to submit potential disputes to arbitration." (*Walford v. Blinder, Robinson & Co., Inc.* (Colo.Ct.App. 1990) 793 P.2d 620, 623 [arbitration proceeding arising from bargained for arbitration clause may form basis for a malicious prosecution action].)

Whether the prior action is a superior court action, a judicial arbitration, an administrative proceeding or a contractual arbitration, the cause of action for malicious prosecution exists to recompense a defendant who has been subjected to a baseless legal action for the out-of-pocket expense of attorney fees and costs, as well as emotional distress. The fact that baseless allegations in a prior judicial arbitration or administrative proceeding may or may not become a part of the public record, so as to cause injury to reputation, is not a sufficient distinction to support the denial of a malicious prosecution remedy to the injured party in a contractual arbitration. The filing of improper cross-pleadings, the type of conduct which Rogers has alleged, is

---

(5th Cir. 2000) 210 F.3d 524, 528.) We find no reason to invoke the principles of equity on behalf of Franck and Gargaro.

no less damaging than the filing of a complaint.[7] (*Bertero v. National General Corp.* (1974) 13 Cal.3d 43, 50-51 [118 Cal.Rptr. 184, 529 P.2d 608, 65 A.L.R.3d 878].) "The harm to society and to the individual cross-defendant caused by the filing of a cross-pleading without probable cause and with malice is substantially similar to that occasioned by the filing of a complaint or other initial pleading known to be false or meritless. The malicious cross-plaintiff, like the malicious plaintiff, uses the judicial process as a vehicle for harassing or vexing his adversary or as a means of coercing the settlement of a collateral matter. The cross-defendant, like the defendant in an original cause maliciously prosecuted, is compelled to expend attorney's fees in defending against the false charge and may suffer the same mental or emotional distress and possible loss of reputation and standing in the community." (*Id.* at p. 51.)

Parties to judicial proceedings can avail themselves of a panoply of remedies in order to weed out meritless claims and to discourage frivolous or delaying conduct. (*Sheldon Appel Co. v. Albert & Oliker, supra,* 47 Cal.3d at pp. 873-874.) We recognize that the availability of these remedies in an arbitration may depend on the language of the arbitration provision. Bad faith tactics in arbitration can be discouraged by drafting an arbitration clause that permits the arbitrator to award sanctions, or the prevailing party to pursue judicial remedies such as a malicious prosecution action. (*Sagonowsky, supra,* 64 Cal.App.4th at pp. 133-134; see also *David v. Abergel* (1996) 46 Cal.App.4th 1281, 1283-1284 [54 Cal.Rptr.2d 443].) Nevertheless, the parties also retain the ability to seek a judicial remedy against persons not bound by the arbitration agreement, who commence or direct the bringing of a claim in arbitration without probable cause and with malice.

We disagree with the analysis of *Sagonowsky* to the extent it extends an agreement to arbitrate to persons who are not parties to the agreement. Rogers retains his ability to seek a judicial remedy against Franck and Gargaro. The judgment of dismissal must be reversed as to them.[8]

---

[7]Rogers alleges that Peinado, Franck and Gargaro engaged in various bad faith tactics during the arbitration proceedings and during the proceedings to confirm the arbitration award. However, a cause of action for malicious prosecution cannot be based upon actions taken within pending litigation. (*Adams v. Superior Court* (1992) 2 Cal.App.4th 521, 528 [3 Cal.Rptr.2d 49].)

[8]Franck and Gargaro have adopted Peinado's contention that Rogers did not secure a favorable ruling on the merits on the counterclaim because Peinado was unable to attend the arbitration hearing. However, that argument refers to facts not alleged in the pleadings and not subject to judicial notice. A demurrer tests the pleading alone, not evidence or other matters. (*Gould v. Maryland Sound Industries, Inc.* (1995) 31 Cal.App.4th 1137, 1144 [37 Cal.Rptr.2d 718].)

## IV. DISPOSITION

The judgment is affirmed as to Peinado. The judgment is reversed as to Franck and Gargaro. Peinado shall recover his costs on appeal from Rogers. Rogers shall recover his costs on appeal from Franck and Gargaro.

Stevens, J., and Rivera, J.,* concurred.

A petition for a rehearing was denied December 28, 2000.

---

*Judge of the Contra Costa Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.