[No. B143431. Second Dist., Div. One. Oct. 9, 2001.]

MICHEL BENASRA, Plaintiff and Respondent, v.
PAUL MARCIANO et al., Defendants and Appellants.

## Counsel

O'Melveny & Myers, Daniel M. Petrocelli, Robert C. Welsh, H. Tomas Gomez-Arostegui and Jennifer E. Laser for Defendants and Appellants.

Stroock & Stroock & Lavan, Barry B. Langberg, Deborah Drooz and Stuart S. Johnson for Plaintiff and Respondent.

## Opinion

**VOGEL (MIRIAM A.), J.**—This is a libel action in which the defendants (a corporation and its president) claim the plaintiff (an individual) ought to

be compelled to arbitrate simply because he is president of another corporation that had a licensing agreement with the defendant corporation. The essence of the defendants' position is that the plaintiff, who happens to have signed the licensing agreement as president of another corporation, is bound by the arbitration provision in that agreement either as an agent of the corporation or as a third party beneficiary of the licensing agreement. The trial court rejected the defendants' motion to compel arbitration and so do we.

### BACKGROUND

In 1992 and 1994, Guess?, Inc., entered two license agreements with Pour le bebe, Inc. and Pour La Maison, Inc. (collectively PLB). Both agreements provide for arbitration. Both agreements were signed on behalf of PLB by Michel Benasra (its president) in the same form:

> " 'LICENSEE'
> "POUR LE BEBE, INC., a
> "California corporation
>
> "By:_____
> "Name: Michel Benasra
> "Title: President
> "Date: September ___, 1992"
>
> "LICENSEE:
> "POUR LE MAISON, a
> "California corporation
>
> "By:_____
> "Name: Michel Benasra
> "Title: President"

In May 1999, Guess terminated the license agreements and demanded arbitration, claiming a right to recover past due royalties and damages arising from PLB's alleged infringement of Guess's trademark rights. About two weeks later, Guess's president (Paul Marciano) wrote to Benasra and Kirkland Messina LLC (an investment banking firm that was working with PLB), accusing them of fraud, embezzlement, general "criminal conduct," and "personal greed."

About a year later, Benasra sued Marciano and Guess for libel. Guess, in turn, moved to compel arbitration on the ground that Benasra's libel claim

was related to ongoing business disputes between Guess and PLB. (See *Guess?, Inc. v. Superior Court* (2000) 79 Cal.App.4th 553 [94 Cal.Rptr.2d 201].) Benasra opposed the motion on the grounds that he was not a party to the license agreements and that the arbitration provisions did not apply to the libel claim. The trial court agreed with Benasra and denied the motion to compel arbitration. Guess and Marciano (collectively Guess) appeal.

## DISCUSSION

■ Guess contends Benasra is bound by the arbitration provisions in the license agreement. We disagree (and thus need not decide whether the defamation claim relates to and arises out of the license agreements).

The strong public policy in favor of arbitration does not extend to those who are not parties to an arbitration agreement, and a party cannot be compelled to arbitrate a dispute that he has not agreed to resolve by arbitration. (*County of Contra Costa v. Kaiser Foundation Health Plan, Inc.* (1996) 47 Cal.App.4th 237, 245 [54 Cal.Rptr.2d 628].) Benasra is not a party to the license agreements. As shown above, he unambiguously signed both agreements as a corporate officer and only as a corporate officer, not in his individual capacity. (*Sebastian International, Inc. v. Peck* (1987) 195 Cal.App.3d 803, 808-809 [240 Cal.Rptr. 911]; and see Cal. U. Com. Code, § 3402, subd. (b); *Curtis G. Testerman Co. v. Buck* (1995) 340 Md. 569 [667 A.2d 649, 654-655]; *New York Ass'n for Ret. Children v. Keator* (1993) 199 A.D.2d 921 [606 N.Y.S.2d 784, 785]; *McCarthy v. Azure* (1st Cir. 1994) 22 F.3d 351, 360 [the distinction between individual capacity and representative capacity portends a meaningful legal difference].) To avoid this result, Guess contends Benasra "was an agent of PLB at all relevant times and an intended third-party beneficiary of the [license] agreements." Guess's authorities do not support its position.

In *Dryer v. Los Angeles Rams* (1985) 40 Cal.3d 406 [220 Cal.Rptr. 807, 709 P.2d 826], a player sued his football team and four individual agents, alleging that three of the four individuals were sued in their capacities as owners, operators, and managing agents of the team, and that all four of the individuals were parties to (and had breached) the player's contract with the team. The individual defendants, joined by the team, petitioned to compel arbitration, thereby affirmatively accepting the player's characterization of their status. In that context, the Supreme Court said the agents were entitled to the benefit of the arbitration provisions. (*Id.* at p. 418.) Since Benasra has not asked for the benefit of PLB's arbitration provision but has, to the contrary, actively opposed arbitration, *Dryer* has nothing to do with the price of tomatoes.

In *NORCAL Mutual Ins. Co. v. Newton* (2000) 84 Cal.App.4th 64 [100 Cal.Rptr.2d 683], the court held that a nonsignatory who accepts the benefits of an insurance policy is bound by the policy's arbitration provision. (*Id.* at pp. 81-84 [a spouse who accepts a defense and demands a settlement from her husband's medical malpractice insurer is bound by the policy's arbitration provision].) The point of *NORCAL* is that a person is not entitled to make use of a contract as long as it works to his advantage, then attempt to avoid its application in defining the forum in which his dispute should be resolved. (*Id.* at p. 84; see also Civ. Code, § 3521 [he who takes the benefit must bear the burden].) Since there is nothing in the record to suggest that Benasra has attempted to gain some personal benefit from PLB's contract with Guess, *NORCAL* is inapposite. (See also *Harris v. Superior Court* (1986) 188 Cal.App.3d 475 [233 Cal.Rptr. 186].)

The other cases cited by Guess are equally off the mark. ▉▉▉ The fact that a nonsignatory to a contract may in some circumstances be viewed as a third party beneficiary or an agent who is entitled to *compel* arbitration (*Rogers v. Peinado* (2000) 85 Cal.App.4th 1, 9-10, fn. 6 [101 Cal.Rptr.2d 817]) is legally irrelevant where, as here, *Benasra is not the one who wants to be bound by the arbitration provision in a contract that he signed only in a representative capacity.* (See also *Valley Casework, Inc. v. Comfort Construction, Inc.* (1999) 76 Cal.App.4th 1013, 1022, fn. 6 [90 Cal.Rptr.2d 779] [considering "only the issue of whether a nonparty to an arbitration agreement may enforce the agreement," not the circumstances in which arbitration may be compelled against a nonsignatory of the agreement]; *Berman v. Dean Witter & Co., Inc.* (1975) 44 Cal.App.3d 999, 1004 [119 Cal.Rptr. 130].)[1]

▉▉ It is one thing to permit a nonsignatory to relinquish his right to a jury trial, but quite another to compel him to do so. While we do not foreclose the possibility that a nonsignatory third party beneficiary could in some circumstances be compelled to arbitrate a particular dispute, there is nothing about this case to suggest the need or desirability for that remedy here. (See *County of Contra Costa v. Kaiser Foundation Health Plan, Inc., supra,* 47 Cal.App.4th at p. 245; *Weeks v. Crow* (1980) 113 Cal.App.3d 350, 353 [169 Cal.Rptr. 830].) And although Guess asserts in conclusory terms that Benasra is a third party beneficiary of the license agreements, there is no

---

[1]Nonparties have been allowed to *enforce* arbitration agreements where there is sufficient identity of parties, where one has acted as an agent for a signatory, where one is estopped because he has voluntarily joined an arbitration proceeding, where an individual partner is bound by his partnership's agreement, where the person urging enforcement can show he is a third party beneficiary of the arbitration agreement, and where a construction contract or subcontract incorporates an arbitration procedure found in a related contract. (*Valley Casework, Inc. v. Comfort Construction, Inc., supra,* 76 Cal.App.4th at pp. 1021-1022.)

evidentiary support for that assertion. As a result, the acceptance of Guess's position would be tantamount to a conclusion that every officer who signs a contract in his representative capacity is a third party beneficiary of that contract. That would be wrong. (See *McCarthy v. Azure, supra,* 22 F.3d at p. 362 [to prove third party beneficiary status, it must be shown "with special clarity that the contracting parties intended to confer" the benefit]; *MS Dealer Service Corp. v. Franklin* (11th Cir. 1999) 177 F.3d 942, 947 [a nonsignatory to a contract may be permitted to compel arbitration under the Federal Arbitration Act only when, under agency or related principles, the relationship between the signatory and nonsignatory is sufficiently close that only by permitting the nonsignatory to invoke arbitration may evisceration of the underlying arbitration agreement between the signatories be avoided]; cf. *Boyd v. Homes of Legend, Inc.* (M.D.Ala. 1997) 981 F.Supp. 1423, 1429 [a third party beneficiary may be compelled to arbitrate when "the parties to a contract together agree, upon formation of their agreement, to confer certain benefits . . . upon a third party, affording that third party rights of action against them under the contract"].)

Guess asserts that the "[a]rbitrability of claims involving nonsignatories must be symmetrical," and that courts ought to think long and hard before endorsing a rule that will allow a party to use the judicial system to vindicate his rights while at the same time foreclosing his adversary from comparable access. (*McCarthy v. Azure, supra,* 22 F.3d at p. 361.) Whether we speak in terms of "symmetry," or in terms of whether it is possible to both "run with the hare and hunt with the hounds" (*ibid.*), or in terms of the gander's right to the same treatment as the goose, these aphorisms are satisfied by our conclusion. If we put the shoe on the other foot—if Benasra wanted to arbitrate his defamation claim but Guess did not—we would reach the same result—because we do not believe this record would support an order compelling arbitration in response to the unilateral demand of either party. (*Id.* at pp. 359-363 [corporate officer who signed agreement containing arbitration clause in his representative capacity cannot compel arbitration of claims brought against him as an individual]; cf. *Flink v. Carlson* (8th Cir. 1988) 856 F.2d 44, 46 [signing an arbitration agreement as agent for a disclosed principal is not sufficient to bind the agent to arbitrate claims brought against him personally].)

The most that Guess can say is that its license agreements with PLB provided for their automatic termination if Benasra failed to remain as the majority owner and controlling officer of PLB. According to Guess, this provision benefited Benasra because it meant he could not be ousted from his company without the company's loss of the Guess contracts. Guess assumes too much. This provision could just as well have been included for

the benefit of Guess, to ensure that it was not stuck with a licensee operated by someone other than Benasra. It takes more than this to create third party beneficiary status. (*Maxwell Cafe v. Dept. Alcoholic Control* (1956) 142 Cal.App.2d 73, 78 [298 P.2d 64] [the mere ownership of all the stock and control and management of a corporation by one or more individuals is not itself sufficient to warrant disregarding the corporate entity].)

## DISPOSITION

The order is affirmed. Benasra is awarded his costs of appeal.

Spencer, P. J., and Ortega, J., concurred.

A petition for a rehearing was denied October 30, 2001, and appellants' petition for review by the Supreme Court was denied January 16, 2002. George, C. J., did not participate therein.