NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 23 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ENGINEER.AI CORP., DBA Builder.AI, a Delaware corporation, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> BARRY B. KAUFMAN, an individual; LAW OFFICES OF BARRY B. KAUFMAN, a professional corporation, <br><br> Defendants-Appellees. | No. 23-55055 <br><br> D.C. No. 2:22-cv-03552-SPG-KS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Sherilyn Peace Garnett, District Judge, Presiding

Argued and Submitted December 7, 2023
Pasadena, California

Before: CALLAHAN, R. NELSON, and BADE, Circuit Judges.

Plaintiff, Engineer.AI, alleges that Defendants engaged in an intentional campaign to damage its business. Plaintiff sued Defendants for (1) allegedly defamatory statements made in a 2019 Wall Street Journal article ("WSJ Article"); (2) an allegedly defamatory letter ("Lakestar Letter") sent to Plaintiff's investor,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Lakestar Advisors GmbH ("Lakestar"); and (3) other allegedly unlawful and unethical litigation conduct. The district court struck portions of the First Amended Complaint and dismissed the complaint for failure to state a claim as Plaintiff had not plausibly alleged that Defendants had any involvement in the publication of the WSJ Article. The district court also denied leave to amend, as Plaintiff's claims were barred by the relevant statute of limitations. We affirm.

1. California's litigation privilege, codified in California Civil Code Section 47(b), "applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." *Rusheen v. Cohen*, 128 P.3d 713, 718 (Cal. 2006) (citation omitted). Accordingly, "communications with some relation to judicial proceedings are absolutely immune from tort liability by the litigation privilege." *Id*. at 718–19 (citation and quotations omitted).

Defendants sent a letter to one of Plaintiff's investors, Lakestar, to request investor presentations. Defendants thought that these presentations could assist it as it investigated Plaintiff. Plaintiff alleged that in their request for documents, Defendants intentionally misrepresented Plaintiff's functionality, the conduct of its officers, and its ongoing employee-related litigation. Plaintiff's arguments, however, are misplaced. California's litigation privilege extends to communications

2

sent to nonparties if they possess a "substantial interest in the outcome of the litigation." *Sharper Image Corp. v. Target Corp.*, 425 F. Supp. 2d 1056, 1077 (N.D. Cal. 2006) (quoting *Costa v. Superior Ct.*, 204 Cal. Rptr. 1, 4 (Cal. Ct. App. 1984)). Here, Lakestar invested millions of dollars in Plaintiff, so it had a "substantial interest" in ongoing litigation that might affect its investment in the company. Thus, the district court properly ruled that the California litigation privilege shields statements in the Lakestar Letter.

Plaintiff also argues that the district court misapplied the litigation privilege to several of Defendant's allegedly unethical communications, such as (a) "threaten[ing] EAI and its employees with administrative and/or civil actions," (b) "instructing Joiner and his wife to record privileged discussions," and (c) "threaten[ing] counsel with an administrative action in an attempt to gain an advantage in a civil dispute." Any alleged threats are still activities protected by the litigation privilege because they were made in connection with ongoing litigation. *See Bergstein v. Stroock & Stroock & Lavan LLP*, 187 Cal. Rptr. 3d 36, 54 (Cal. Ct. App. 2015) (applying the litigation privilege to "allegations that defendants solicited and used confidential information for the purpose of filing various actions against plaintiffs").

As for the alleged instructions to record privileged communications, they are also shielded by the litigation privilege as they were made in relation to the

3

underlying judicial proceedings. Moreover, although Plaintiff argues in a conclusory fashion that the instructions were unlawful, it has made no effort to show that the conduct "was illegal as a matter of law." *Flatley v. Mauro*, 139 P.3d 2, 15 (Cal. 2006).

2. The district court did not err in dismissing Plaintiff's complaint because Plaintiff had not "show[n] that Defendants played a role in the publication of the WSJ Article." Plaintiff's allegations are insufficient. In determining a lawyer's liability, California law distinguishes the conduct of a lawyer from that of the client. *See Rogers v. Peinado*, 101 Cal. Rptr. 2d 817, 822 (Cal. Ct. App. 2000) ("The client's malice is not imputed to the attorney; rather, the liability of the attorney depends upon the attorney's own action of maliciously pursuing an objectively untenable claim."). Plaintiff only pleaded that it was "clear" that the WSJ Article was instigated by ex-employees who were represented by Defendant. That conclusory statement does not plausibly allege that Defendants were involved in the publication of the WSJ Article.

3. The district court's denial of leave to amend was not an abuse of discretion. Plaintiff's claim for defamation is subject to a one-year statute of limitations, Cal. Civ. Proc. § 340, while Plaintiff's remaining three claims are subject to a two-year statute of limitations, *see* Cal. Civ. Proc. § 339. In California, the "statute of limitations commence[s] . . . when the alleged defamatory statements [are]

4

published." *Knoell v. Petrovich*, 90 Cal. Rptr. 2d 162, 164 (Cal. Ct. App. 1999). Here, the WSJ Article was published in 2019. Plaintiff did not file suit until almost three years later. All claims were therefore time-barred. Amendment would be futile.

**AFFIRMED.**