[No. G022570. Fourth Dist., Div. Three. Apr. 20, 1999.]

KAREN HOLLISTER, Plaintiff and Respondent, v.
JERRY S. BENZL, Defendant and Appellant.

**COUNSEL**

La Follette, Johnson, De Haas, Fesler & Ames, Schmid & Voiles and Denise H. Greer for Defendant and Appellant.

Hardiman & Cahill and Francis X. Hardiman for Plaintiff and Respondent.

**OPINION**

**SONENSHINE, J.\***—Jerry S. Benzl, a physician, appeals from the court's decision to reconsider and vacate its prior order compelling Karen Hollister to arbitrate her medical malpractice lawsuit.[1] We find the court had sufficient grounds to reconsider its prior order but incorrectly ruled on the matter.

I

In 1984, Hollister purchased a medical benefit plan from FHP, Inc. Ten years later, Hollister's primary care physician referred her to Benzl, a urologic gynecologist specialist. During her first office visit, Benzl's staff asked Hollister to sign an arbitration agreement and make her customary FHP $5 copayment. She did so.

The following year, Hollister was diagnosed with an advanced stage of cervical cancer and filed the underlying complaint alleging medical negligence, fraud and breach of fiduciary duty against FHP, Benzl and several laboratories. She claimed Benzl failed to diagnose and treat her cancer.

After considering the parties' briefs and oral argument, the court granted Benzl's petition to compel arbitration. It stayed Hollister's action against Benzl, stating its tentative ruling was to also stay the remainder of the lawsuit pending completion of the arbitration. It requested additional briefing on the latter issue.

Pursuant to Code of Civil Procedure section 1008, Hollister moved "for reconsideration of [the court's] order compelling arbitration and tentative to stay the action as to FHP as well as to . . . Benzl." First, she urged the court not to stay her action against FHP because she was recently given a dismal prediction about her life expectancy. Next, Hollister asked the court to reconsider its order compelling arbitration, arguing new facts had been discovered showing the agreement was unenforceable under the Knox-Keene Health Care Service Plan Act of 1975 (Health & Saf. Code, § 1340 et seq.) (Knox-Keene Act). Benzl opposed the motion, arguing Hollister failed to present any new facts or legal theories for reconsideration of the matter. After a lengthy hearing, the court granted Hollister's motion for reconsideration and vacated its prior arbitration order.

---

\*Retired Associate Justice of the Court of Appeal, Fourth District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

[1]Benzl correctly asserts denial of a petition to compel arbitration is an appealable order. (Code Civ. Proc., § 1294.)

## II

██ We first address Benzl's contention the court exceeded its jurisdiction when it granted Hollister's motion to reconsider its prior order compelling arbitration. He maintains Hollister failed to set forth any new or different facts, circumstances or law as required by Code of Civil Procedure section 1008. The record belies this contention.

In Hollister's opposition to Benzl's petition to compel arbitration, she told the court FHP failed to comply with her discovery requests for documents establishing Benzl's relationship with FHP. She conceded she did not know the significance of these contracts, but asked the court to delay ruling on the petition until she received them. She set her motion to compel production on the same day as the hearing regarding Benzl's petition. The documents were not produced until Hollister's motion for reconsideration was heard. At that time, the court correctly realized this new evidence warranted a second look at its previous ruling. Indeed, it relied on several provisions of Benzl's contract with an FHP plan medical group in vacating its prior order to compel arbitration. Although we conclude the court's reasoning was ultimately incorrect, the court certainly had authority to consider the Code of Civil Procedure section 1008 motion.

## III

██ We are asked to decide whether Benzl's arbitration agreement with Hollister is valid. We begin by briefly reviewing the relevant provisions of the Knox-Keene Act. The act's intent and purpose are to "promote the delivery of health and medical care to the people of the State of California who enroll in, or subscribe for the services rendered by, a health care service plan or specialized health care service plan by accomplishing . . . . the following: [¶] . . . [¶] Assuring that subscribers and enrollees are educated and informed of the benefits and services available in order to enable a rational consumer choice in the marketplace. [¶] . . . [and] [p]romoting effective representation of the interests of subscribers and enrollees." (Health & Saf. Code, § 1342.)[2]

To facilitate this goal, the Legislature determined plan providers, such as FHP, must use "disclosure forms or materials containing such information regarding the benefits, services, and terms of [FHP's] plan" so the public can easily make "comparisons between plan contracts of the same or other types of plans." (§ 1363, subd. (a).) One matter which must be predisclosed is

---

[2]All further statutory references are to the Health and Safety Code unless otherwise indicated.

whether "the plan utilizes arbitration to settle disputes." (§ 1363, subd. (a)(10).) The Legislature recognized waiver of one's right to a jury trial is an important consideration when comparing plan contracts.

Neither FHP nor Benzl mentioned arbitration in FHP's disclosure brochure. Hollister maintains these omissions render her arbitration contract with Benzl void. Relying on *Harris* v. *Superior Court* (1986) 188 Cal.App.3d 475 [233 Cal.Rptr. 186], Hollister premises her argument on the theory Benzl is a third party beneficiary of her contract with FHP. Hollister concludes this contractual relationship requires Benzl to comply with the Knox-Keene Act's arbitration predisclosure requirements because he is not entitled to benefits greater than those of the contracting parties. This argument fails because Hollister's premise is incorrect.

Hollister's reliance on *Harris* is misplaced. There, a family enrolled in Maxicare's health care plan. The father signed an application form containing a binding arbitration clause, stating, " 'I agree that any claim asserted . . . against Maxicare, Hawthorne Community Medical Group . . . their employees or other contracting health professionals . . . is subject to binding arbitration.' " (188 Cal.App.3d at p. 477.) Thereafter, the wife and daughter filed a malpractice action against Maxicare and their physician, Mansoor Mirsaidi, who was an employee of Hawthorne Community Medical Group (Hawthorne).

The court granted Maxicare's motion to compel arbitration. The plaintiffs then asked the court to also compel Mirsaidi to participate in the arbitration. The trial court declined this request, concluding Mirsaidi was not a party to the arbitration agreement. The appellate court disagreed, holding that although the doctor did not sign the agreement, he was Hawthorne's employee, and "[t]his relationship is sufficient to bind [the doctor] to the arbitration agreement which named Hawthorne." (*Harris* v. *Superior Court, supra,* 188 Cal.App.3d at p. 478.) The court explained, "Acting as Hawthorne's employee and on its behalf, Dr. Mirsaidi rendered medical care to plaintiffs. In so doing he was subject to Hawthorne's obligations under the arbitration agreement . . . . [¶] Familiar principles of contract law also support our decision. A third party beneficiary of a contract can gain no greater rights under that contract than the contracting parties. . . . Dr. Mirsaidi was a third party beneficiary of the contractual provision requiring arbitration of members' claims against 'employees or other contracting health professionals' of Hawthorne. Since Maxicare and Hawthorne, the contracting parties which procured this benefit for him, waived their rights to trial and agreed to arbitration instead, Dr. Mirsaidi's rights are no greater." (*Id.* at p. 479, citation omitted.)

There is a glaring distinction between the situation in *Harris* and the one presented here. Benzl is neither FHP's agent nor its employee. Indeed, FHP's brochure disclosed its participating physicians are independent contractors. Benzl is an independent contractor twice removed. He contracted with an FHP plan medical group, which in turn is an independent contractor of FHP.[3] This relationship neither gave Benzl authority to enforce any of the provisions of the FHP/Hollister contract nor bound him to those provisions.

Furthermore, Benzl has no statutory duty to comply with the arbitration predisclosure requirements of the Knox-Keene Act. The act was simply not intended to apply to him. On its face, the act applies to "Health Care Service Plans" defined as "[a]ny person who undertakes to arrange for the provision of health care services to subscribers or enrollees, or to pay for or to reimburse any part of the cost for such services, in return for a prepaid or periodic charge paid by or on behalf of such subscribers or enrollees." (§ 1345, subd. (f).) FHP is a health care service plan; Benzl is not. Benzl's sole responsibility is to provide medical services.[4] Moreover, Benzl cannot be considered FHP's agent because, as explained above, he is an independent contractor hired by an autonomous plan medical group, not FHP.

Hollister complains such a holding "frustrates the legislative purpose mandating prior disclosure." Not so. The purpose in mandating predisclosure is to educate potential enrollees "[i]f the plan utilizes arbitration to settle disputes." (§ 1363, subd. (a)(10).) FHP, *not* intending to utilize arbitration, satisfied its statutory duty by correctly informing Hollister of all "benefits, services, and terms of the plan contract." (§ 1363, subd. (a).) Hollister's claims against FHP will not be arbitrated.

Moreover, we note the Legislature enacted other stringent regulations to apply when treating physicians use arbitration agreements. Code of Civil Procedure section 1295 delineates the content and appearance of arbitration

---

[3]FHP's disclosure statement defines "FHP Plan Physician" as "[a] physician who has contracted with or is employed by, an FHP Plan Medical Group to provide services to members. In certain countries, FHP may also contract directly with (but not employ) a physician to provide such services. *Participating Physicians are independent contractors and are not employees or agents of FHP.*" (Italics added.) It defines an "FHP Plan Medical Group" as an entity which contracts "with FHP . . . to provide services to members" and are "independent contractors and not the employees or agents of FHP."

[4]Benzl agreed in his contract with an FHP plan medical group, Mission Quality Care (Mission), "to perform 'part-time' services on an 'as needed' basis . . . to patients [Mission] had contracted to provide health care services." Benzl's contract with Mission specified he was not its employee or agent.

clauses in medical services contracts.[5] No one disputes Benzl's arbitration contract with Hollister complied with those requirements. And the record shows Hollister had the option not to sign the agreement[6] or to revoke it 30 days after signing it. She voluntarily agreed to sign the arbitration agreement before receiving medical treatment and is bound by it.

## DISPOSITION

The order denying the petition to compel arbitration is reversed.[7] Each party shall bear its own costs on appeal.

Crosby, Acting P. J., and Bedsworth, J., concurred.

Respondent's petition for review by the Supreme Court was denied July 28, 1999.

---

[5]Code of Civil Procedure section 1295 provides in relevant part, "(a) Any contract for medical services which contains a provision for arbitration of any dispute as to professional negligence of a health care provider shall have such provision as the first article of the contract and shall be expressed in the following language . . . ."

We reject Hollister's contention that this provision does not apply because Benzl only offered Hollister an arbitration agreement which was not part of a medical services contract. This same argument was rejected in *Hilleary* v. *Garvin* (1987) 193 Cal.App.3d 322, 327 [238 Cal.Rptr. 247]. "The clear meaning of the statute is that any contract for health care . . . whether written or oral, express or implied, is within the ambit of the legislation." (*Id.* at p. 327.) Here, "[T]he parties, as in the traditional doctor-patient relationship, entered into an implied-in-fact contract that [Benzl] would use his best medical judgment to diagnose and treat her condition, and in return, she would follow his prescribed treatment and pay for his services." (*Id.* at p. 326, fns. omitted.)

[6]Indeed, a card attached to the agreement provided, "Attached is an Arbitration Agreement which I urge you to sign . . . I hope you will sign the agreement after first reading it carefully."

[7]This time the court need not consider whether to stay the remaining portion of the lawsuit because FHP and the other defendants have settled with Hollister.