[No. B174452. Second Dist., Div. Five. Mar. 11, 2005.]

DENNIS H. JOHNSTON, Cross-Complainant and Appellant, v.
BRIAN T. CORRIGAN et al, Cross-Defendants and Respondents.

COUNSEL

Mark Shoemaker for Cross-Complainant and Appellant.

Stephan, Oringher, Richman & Theodora, Harry W. R. Chamberlain II, Brian P. Barrow and Lisa M. Chait for Cross-Defendants and Respondents.

OPINION

**TUNER, P. J.—**

### I.  INTRODUCTION

Cross-complainant, Dennis H. Johnston, appeals from an order granting attorney fees under Code of Civil Procedure[1] section 425.16, subdivision (c) to cross-defendants, Brian T. Corrigan, Stanley C. Morris, and Corrigan & Morris. Cross-complainant contends the trial court had no jurisdiction to reconsider an initial order denying cross-defendants' attorney fee motion and sanctions should have been imposed. We affirm the order under review.

### II.  BACKGROUND

Cross-complainant was named as a defendant in an action brought by plaintiffs, ePayLatina S.A. and Freestar Technologies, Inc. Cross-complainant filed a cross-complaint for indemnity and contribution against cross-defendants, among others. On March 26, 2003, cross-defendants filed a

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise noted.

special motion to strike the cross-complaint pursuant to section 425.16 and noticed the matter for hearing on May 6, 2003. On April 11, 2003, cross-defendants filed their points and authorities in support of the March 26, 2003, special motion to strike. Cross-complainant filed no opposition to the special motion to strike. Rather, on May 2, 2003, cross-complainant filed a first amended cross-complaint, but did not name cross-defendants. Therefore, in effect, cross-complainant voluntarily dismissed his cross-complaint against cross-defendants. At the May 6, 2003, hearing, the trial court deferred ruling on the attorney fee issue until a separate motion was filed. On May 9, 2003, cross-defendants filed a motion for attorney fees pursuant to section 425.16, subdivision (c). On July 14, 2003, the trial court denied cross-defendants' attorney fee motion. The trial court found: cross-defendants could not recover attorney fees unless they established that the cross-complaint was a SLAPP suit (strategic lawsuit against public participation); further, cross-defendants had not filed any points and authorities in support of their special motion to strike; and, "[a]bsent substantive argument, [cross-defendants] did not show that the Cross-Complaint was a 'pure' SLAPP suit."

On July 23, 2003, cross-defendants filed a reconsideration motion seeking a reevaluation of the July 14, 2003 order denying their attorney fee motion, which cross-complainant opposed. Cross-defendants presented evidence they *had* timely filed a memorandum of points and authorities on April 11, 2003, in support of their special motion to strike. The sole ground asserted in opposition to the reconsideration motion was that no new facts or circumstances were present to permit the trial court to reconsider its prior ruling. Cross-complainant sought an award of monetary sanctions pursuant to section 128.7. The trial court found cross-defendants had in fact timely filed points and authorities on April 11, 2003, in support of the special motion to strike. On February 4, 2004, the trial court granted cross-defendants' reconsideration motion. Upon reconsideration, the trial court awarded cross-defendants $15,557.50 in attorney fees and costs pursuant to section 425.16, subdivision (c). The trial court found the section 425.16 special motion to strike had been "well-taken" and cross-defendants were entitled to an attorney fee award. Cross-complainant appeals from the reconsideration order and the ensuing attorney fee award.

## III.  DISCUSSION

### A.  *Appealable Order*

█  Cross-defendants contend cross-complainant's appeal is from a non-appealable order granting reconsideration. We disagree. The notice of appeal states in pertinent part, "Cross-complainant . . . appeals from . . . the judgment and order made on February 2, 2004 . . . granting [cross-defendants'] Motion for Reconsideration of Attorney's Fees and Costs Under

Code of Civil Procedure Section 425.16." By its February 2, 2004, order, the trial court granted reconsideration of its prior order denying cross-defendants their attorney fees. Upon reconsideration, the trial court granted cross-defendants' attorney fees. We must liberally construe the notice of appeal in favor of its sufficiency. (Cal. Rules of Court, rule 1(a)(2); *Walker v. Los Angeles County Metropolitan Transportation Authority* (2005) 35 Cal.4th 15, 20 [23 Cal.Rptr.3d 490, 104 P.3d 844]; *Hollister Convalescent Hosp., Inc. v. Rico* (1975) 15 Cal.3d 660, 669, fn. 6 [125 Cal.Rptr. 757, 542 P.2d 1349].) The notice of appeal is explicitly from the February 2, 2004, order awarding attorney fees pursuant to section 425.16, subdivision (c). ■ The order awarding attorney fees under section 425.16, subdivision (c) is appealable. (§ 425.16, subd. (j); 904.1, subd. (a)(13); see *Moraga-Orinda Fire Protection Dist. v. Weir* (2004) 115 Cal.App.4th 477, 479 [10 Cal.Rptr.3d 13]; *Bernardo v. Planned Parenthood Federation of America* (2004) 115 Cal.App.4th 322, 329, 339, 360 [9 Cal.Rptr.3d 197]; *Liu v. Moore* (1999) 69 Cal.App.4th 745, 747–748 [81 Cal.Rptr.2d 807].) The reconsideration order preceded the attorney fee award. Unless reconsideration was granted, no attorney fee order could be entered. Hence, the appeal from an appealable determination, the attorney fee award, allows us to reach the merits of the prior ruling that reconsideration was in order. (§ 906; *Abramson v. Juniper Networks, Inc.* (2004) 115 Cal.App.4th 638, 649 [9 Cal.Rptr.3d 422]; *Highland Development Co. v. City of Los Angeles* (1985) 170 Cal.App.3d 169, 178 [215 Cal.Rptr. 881], disapproved on another point in *Morehart v. County of Santa Barbara* (1994) 7 Cal.4th 725, 743, fn. 11 [29 Cal.Rptr.2d 804, 872 P.2d 143].)

## B. *Jurisdiction to Reconsider*

Cross-complainant argues the trial court was without jurisdiction to reconsider its prior ruling because cross-defendants presented no "new or different facts, circumstances, or law" as required by section 1008, subdivision (a). (See, e.g., *Kerns v. CSE Ins. Group* (2003) 106 Cal.App.4th 368, 383 [130 Cal.Rptr.2d 754] [Legislature intended to make section 1008 jurisdictional]; *Kollander Construction, Inc. v. Superior Court* (2002) 98 Cal.App.4th 304, 310 [119 Cal.Rptr.2d 614] [same].) We disagree. Cross-defendants presented evidence the trial court failed to consider the timely filed memorandum of points and authorities in support of the special motion to strike. This was a sufficient showing of new circumstances authorizing the trial court to grant reconsideration under section 1008, subdivision (a). (*Hollister v. Benzl* (1999) 71 Cal.App.4th 582, 585 [83 Cal.Rptr.2d 903] [newly produced evidence]; Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2004) ¶ 9:329.1, p. 9(I)-108 (rev. # 1, 2004).) Because the trial court had jurisdiction to reconsider its prior order, there is no merit to cross-complainant's sanctions arguments.

## IV.  DISPOSITION

The order awarding attorney fees under Code of Civil Procedure section 425.16, subdivision (c) to cross-defendants, Brian T. Corrigan, Stanley C. Morris, and Corrigan & Morris, is affirmed. Cross-defendants are to recover their costs and attorney fees on appeal from cross-complainant, Dennis H. Johnston, pursuant to Code of Civil Procedure section 425.16, subdivision (c) and rule 870.2 of the California Rules of Court.

Armstrong, J., and Kriegler, J., concurred.