**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELIZABETH HART, individually, and on behalf of all others similarly situated,<br><br>        Plaintiff-Appellant,<br><br> and<br><br>LEROY ROBERSON,<br><br>        Plaintiff,<br><br>  v.<br><br>CHARTER COMMUNICATIONS, INC.; SPECTRUM MANAGEMENT HOLDING COMPANY, LLC,<br><br>        Defendants-Appellees. | No.   19-55538<br><br>D.C. No.<br>8:17-cv-00556-DOC-RAO<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted May 6, 2020
Pasadena, California

Before: GOULD and CHRISTEN, Circuit Judges, and STEIN,[**] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Sidney H. Stein, United States District Judge for the Southern District of New York, sitting by designation.

Plaintiff-Appellant Elizabeth Hart ("Hart") appeals the district court's order compelling arbitration. Hart filed a putative class action under the Class Action Fairness Act against Defendants-Appellees Spectrum Management Holding Co., LLC ("Spectrum") and Spectrum's parent company, Charter Communications, Inc. ("Charter") (collectively, "Appellees"). Hart alleged Time Warner Cable, Inc. ("TWC"), which merged into Spectrum in 2016, defrauded and misled consumers who bought residential Internet services and enrolled in automatic bill payment.

Appellees moved to compel arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 3–4, arguing that Hart had accepted prior TWC subscriber agreements that bind subscribers to arbitration. The district court granted the motion, holding that Hart had inquiry notice of a 2014 TWC subscriber agreement and assented to the agreement by continuing to accept TWC's services. The district court held that Appellees, as TWC's successors, could enforce the terms of the agreement, including the arbitration clause.

We review *de novo* a district court's decision to grant a motion to compel arbitration. *Bushley v. Credit Suisse First Bos.*, 360 F.3d 1149, 1152 (9th Cir. 2004). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 9 U.S.C. § 16(a)(1)(D) and (a)(3), and we affirm.

1.     "In determining whether a valid arbitration agreement exists, federal courts apply ordinary state-law principles that govern the formation of contracts."

*Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1175 (9th Cir. 2014) (quotations omitted). The parties agree that California law applies.

Under California law, "mutual assent is a required element of contract formation." *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 565 (9th Cir. 2014). "[A]n offeree, knowing that an offer has been made to [her] but not knowing all of its terms, may be held to have accepted, by [her] conduct, whatever terms the offer contains." *Windsor Mills, Inc. v. Collins & Aikman Corp.*, 101 Cal. Rptr. 347, 351 (Cal. Ct. App. 1972).

The district court did not err by determining that Hart had inquiry notice of TWC's 2014 subscriber agreement as a result of the notice she received in two billing statements. The notice was sufficiently clear and conspicuous to provide a reasonably prudent subscriber with constructive notice of the proposed contract terms. *See Nguyen*, 763 F.3d at 1177. Because there is no dispute Hart received the relevant billing statements, Hart's continued acceptance of TWC's services constituted assent to the agreement. *See Harris v. Superior Court*, 233 Cal. Rptr. 186, 188 (Cal. Ct. App. 1986). Hart is bound by the terms of the 2014 subscriber agreement, including the arbitration clause.

2.      Under California contract law, "[n]onsignatory defendants may enforce arbitration agreements where there is sufficient identity of parties." *Jenks v. DLA Piper Rudnick Gray Cary US LLP*, 196 Cal. Rptr. 3d 237, 243 (Cal. Ct.

3

App. 2015) (quotations omitted). When the identity of interest is based on a merger, the court will look to whether the surviving entity (the non-signatory) "assumed all of the rights and obligations of the acquired corporation" (the signatory). *See Marenco v. DirecTV LLC*, 183 Cal. Rptr. 3d 587, 593 (Cal. Ct. App. 2015).

Under Delaware corporate law, which applies because the entities were organized under Delaware law, TWC automatically transferred its "rights, privileges and powers" to Spectrum pursuant to the merger. *See* Del. Code Ann. tit. 6, § 18-209(g). As TWC's successor-in-interest, Spectrum has the authority to enforce the arbitration agreement between Hart and TWC. Charter, Spectrum's parent company, also can enforce the agreement because Hart sued both Spectrum and Charter, bringing identical claims against them. *See Boucher v. All. Title Co., Inc.*, 25 Cal. Rptr. 3d 440, 444 (Cal. Ct. App. 2005) (holding that a parent company can enforce a subsidiary's arbitration agreement where "a plaintiff has an arbitration agreement with a subsidiary corporation; the plaintiff sues the parent corporation; and the plaintiff's claims against the parent company are based on the same facts and are inherently inseparable").

3.     Hart argues for the first time on appeal that her opt-out of the arbitration clause in the 2017 subscriber agreement supersedes any prior agreement to arbitrate. We consider this argument to be forfeited because it was not raised

below.  *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("As a general rule, we will not consider arguments that are raised for the first time on appeal.").

4.　　We review a district court's denial of a request for discovery for abuse of discretion.  *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 726 (9th Cir. 1999).  Under the FAA, discovery in connection with a motion to compel arbitration is allowed only if "the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue."  9 U.S.C. § 4.  The district court did not abuse its discretion by determining there were no triable issues as to whether Hart was bound by the 2014 arbitration agreement and by denying Hart's request for pre-arbitration discovery.

**AFFIRMED.**

5