Filed 7/24/20; Certified for Publication 8/14/20 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| DINA C. FELISILDA et al., | C086043 |
| Plaintiffs and Appellants, | (Super. Ct. No. 34-2015-00183668-CU-BC-GDS) |
| v. | |
| FCA US LLC, | |
| Defendant and Respondent. | |

This appeal involves a used 2011 Dodge Grand Caravan that plaintiffs Dina C. and Pastor O. Felisilda purchased from Elk Grove Auto Group, Inc., doing business as Elk Grove Dodge Chrysler Jeep (Elk Grove Dodge).  After encountering problems with the vehicle, the Felisildas brought an action against Elk Grove Dodge and the manufacturer, FCA US LLC (FCA)[1] for violation of the Song-Beverly Consumer Warranty Act (Song-

---

**1**      FCA was formerly known as Chrysler Group LLC.

1

Beverly Act) (Civ. Code, § 1790 et seq.). Relying on the retail installment sales contract (sales contract) signed by the Felisildas, Elk Grove Dodge moved to compel arbitration. FCA filed a notice of nonopposition to the motion to compel. The trial court ordered the Felisildas to arbitrate their claim against both Elk Grove Dodge and FCA. In response, the Felisildas dismissed Elk Grove Dodge. The matter was submitted to arbitration, and the arbitrator found in favor of FCA. The trial court confirmed the arbitrator's decision. From the resulting judgment, the Felisildas appeal.

On appeal, the Felisildas contend (1) the trial court lacked jurisdiction to compel them to arbitrate their claim against FCA for lack of notice that the motion to compel included FCA, and (2) the trial court lacked discretion to order the Felisildas to arbitrate their claim against FCA because FCA was a nonsignatory to the sales contract.

We conclude the Felisildas forfeited their claim regarding lack of notice by arguing against FCA's participation in arbitration. We further conclude the trial court correctly determined the Felisildas' claim against FCA was encompassed by the arbitration provision in the sales contract. Accordingly, we affirm.

FACTUAL AND PROCEDURAL HISTORY

### *The Sales Contract*

On August 21, 2013, the Felisildas signed a preprinted sales contract for the purchase of a used 2011 Dodge Grand Caravan from Elk Grove Dodge. The sales contract states: "You, the Buyer (and Co-Buyer, if any) may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under agreements on the front and back of this contract. You agree to pay the Seller – Creditor (sometimes 'we' or 'us' in this contract), the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below." In the box listing the "Seller – Creditor," the sales contract identifies only Elk Grove Dodge.

The sales contract contains an arbitration provision that provides, in pertinent part:

"ARBITRATION PROVISION [¶] . . . [¶]

2

"1.  EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.

"2.  IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.

"3.  DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

"Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, *which arises out of or relates to . . . condition of this vehicle*, this contract or any resulting transaction or relationship (*including any such relationship with third parties who do not sign this contract*) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action.  If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute.  Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action." (Italics added.)

The Felisildas allege they experienced significant mechanical problems with the vehicle soon after the purchase.  The Felisildas delivered the vehicle several times to Elk Grove Dodge, which is an authorized FCA repair facility.  FCA is a Delaware limited

liability company. Elk Grove Dodge was unable to repair the vehicle "to conform to the warranties within a reasonable number of attempts." As a result, the Felisildas requested that Elk Grove Dodge repurchase or replace the vehicle. Elk Grove Dodge refused.

### *Complaint and Arbitration*

In August 2015, the Felisildas filed a complaint against Elk Grove Dodge and FCA to assert a single cause of action for violation of the Song-Beverly Act. In pertinent part, the complaint alleged the Felisildas "purchased a used 2011 Dodge Caravan . . . and express warranties accompanied the sale of the vehicle to [them] by which FCA . . . undertook to preserve or maintain the utility or performance of [their] vehicle or provide compensation if there was a failure in such utility or performance. [¶] . . . The vehicle was delivered to [them] with serious defects and nonconformities to warranty and developed other serious defects and conformities to warranty including, but not limited to, engine, interior, and electrical defects." As a consequence of the enduring defects in the vehicle, "FCA . . . has failed to either promptly replace the new motor vehicle or promptly make restitution in accordance with the Song-Beverly Consumer Warranty Act."

In October 2015, Elk Grove Dodge moved to compel arbitration of the Felisildas' claim. In so moving, Elk Grove Dodge argued the entire matter should be ordered to arbitration – including FCA, even though FCA was not a signatory to the sales contract. FCA filed a "notice of non-opposition" to Elk Grove Dodge. FCA did not advance any argument in support of arbitration.

The Felisildas opposed the motion to compel arbitration. In opposing the motion, they argued the arbitration provision was substantively and procedurally unconscionable. The Felisildas also argued their Song-Beverly cause of action "derives from the non-signatory manufacturer's warranty which is not subject to the arbitration agreement."

The trial court granted the motion, ordering the matter to arbitration with both Elk Grove Dodge and FCA. The trial court reasoned the arbitration provision in the sales

4

contract included the Felisildas' claim against FCA as a "resulting transaction or relationship" relating to the "purchase or condition" of the vehicle. Thus, the trial court determined the Felisildas' claim against Elk Grove Dodge was so intertwined with the claim against FCA that the entirety of the matter was arbitrable under the sales contract. After the trial court ordered the matter to arbitration, the Felisildas dismissed Elk Grove Dodge from the action.

On September 8, 2016, and October 26, 2016, the Felisildas and FCA arbitrated the matter. In December 2016, the arbitrator found the Felisildas did not meet their burden of proof to show their vehicle qualified as a " 'lemon' " or that FCA had any responsibility under the Song-Beverly Act to repurchase or repair the vehicle.

In October 2017, the trial court entered an order for judgment and judgment confirming the arbitrator's decision. In November 2017, the Felisildas timely filed a notice of appeal.

## DISCUSSION

### I

### *Claimed Lack of Notice*

The Felisildas argue the trial court lacked jurisdiction to compel them to arbitrate their claim against FCA for lack of notice that the motion included FCA. We are not persuaded.

### A.

### *Opposition to the Motion to Compel Arbitration*

Elk Grove Dodge filed a notice of motion to compel arbitration in which it sought "to compel arbitration of this controversy and to stay the . . . action." The notice of motion was ambiguous as to whether it included FCA as a party to the arbitration. However, the accompanying motion to compel argued that "[t]his entire matter should be ordered to arbitration." The argument expressly stated FCA should be included as a party to the arbitration. In opposing Elk Grove Dodge's motion to compel arbitration, the

5

Felisildas noted, "Elk Grove Dodge argues that California law allows the Court discretion to order FCA, as a non-signatory to the [sales contract], to arbitration along with the signatories to the contract, Elk Grove Dodge and Plaintiffs." Having noted this contention, the Felisildas developed an argument that Elk Grove Dodge could not compel them to arbitrate their case against nonsignatory FCA.

## B.

### *Opposition on the Merits*

A party objecting on grounds of lack of notice forfeits the objection by appearing at a hearing to tender a substantive argument on the issue for which the lack of notice is asserted. " '[I]t is well settled that the appearance of a party at the hearing of a motion and his or her opposition to the motion on its merits is a waiver of any defects or irregularities in the notice of the motion. [Citations.] This rule applies even when no notice was given at all. [Citations.] Accordingly, a party who appears and contests a motion in the court below cannot object on appeal or by seeking extraordinary relief in the appellate court that he [or she] had no notice of the motion or that the notice was insufficient or defective.' " (*Reedy v. Bussell* (2007) 148 Cal.App.4th 1272, 1288, quoting *Tate v. Superior Court* (1975) 45 Cal.App.3d 925, 930.) Even if the issue is preserved for appeal, a party may secure a reversal only upon demonstrating prejudice due to the lack of notice. (*Reedy v. Bussell*, at p. 1289.)

## C.

### *Forfeiture*

The Felisildas forfeited their argument that Elk Grove Dodge's notice of motion to compel arbitration was defective. Our review of the record reveals they did not object on the basis of lack of notice. At the hearing on the motion, the Felisildas argued only that the arbitration provision of the sales contract was substantively and procedurally unconscionable. In their written opposition to the motion, the Felisildas argued against including FCA as a party to the arbitration claiming the gravamen of their case was based

6

on the manufacturer's warranty and FCA was not a signatory to the sale contract. By arguing against the inclusion of FCA as a party in the arbitration, the Felisildas forfeited their claim regarding defective notice. (*Reedy v. Bussell*, *supra*, 148 Cal.App.4th at pp. 1288-1289.)

We also discern no prejudice arising out of the claimed lack of notice. The Felisildas filed written opposition to FCA's inclusion in the arbitration of this matter, and they subsequently had the opportunity to further develop that argument at a hearing. In essence, the right to notice is to be apprised of the salient issue and to have the opportunity to prepare adequately for a hearing. (*Gilbert v. City of Sunnyvale* (2005) 130 Cal.App.4th 1264, 1279.) The Felisildas demonstrated they understood the issue of FCA's inclusion in the arbitration and had the opportunity to prepare – and indeed actually argue – the matter.

## II

### *Arbitration with Nonsignatory*

The Felisildas next argue the trial court erred in ordering to them to arbitrate their claim against FCA because FCA was a nonsignatory to the sales contract that contained the arbitration provision. We disagree.

### A.

### *Forfeiture*

At the outset, we note FCA contends the Felisildas have forfeited this argument by participating in arbitration before raising the issue on appeal. In FCA's view, the Felisildas failed to timely object to arbitrating their claim against FCA. FCA further argues that "[t]o avoid wasting [the] resources of the parties, two courts and an arbitrator, [the Felisildas] should have raised [their] arguments in the trial court *before* the matter proceeded to arbitration." We reject the assertion of forfeiture.

As we noted in part I A., above, the Felisildas did oppose the motion to compel arbitration by arguing they could not be compelled to arbitrate their case against

7

nonsignatory FCA. The trial court signaled it understood the Felisildas objection by engaging in an analysis of whether the claim against FCA was so intertwined with the Felisildas' claim against Elk Grove Dodge that the entire matter should be arbitrated. The Felisildas' written argument adequately preserved for appellate review their challenge to being compelled to arbitrate their claim against FCA.

We reject FCA's contention that the Felisildas needed to move for reconsideration to preserve the issue for appeal. " 'Once a court grants [a] petition to compel arbitration and stays the action at law, the action at law sits in the twilight zone of abatement with the trial court retaining merely a vestigial jurisdiction over matters submitted to arbitration' to determine, upon conclusion of the arbitration proceedings, whether an award on the merits requires dismissal of the legal action." (*Gaines v. Fidelity National Title Ins. Co.* (2016) 62 Cal.4th 1081, 1096, quoting *Brock v. Kaiser Foundation Hospitals* (1992) 10 Cal.App.4th 1796; see also *MKJA, Inc. v. 123 Fit Franchising, LLC* (2011) 191 Cal.App.4th 643, 661 [holding trial court erred in lifting the stay of proceedings after ordering parties to arbitration in order to consider whether one of the parties could not afford to arbitrate].) The Felisildas were not required to move for reconsideration after the trial court ordered the Felisildas to arbitrate their claim against FCA.

The Felisildas' participation in arbitration did not forfeit their argument that they should not be compelled to arbitrate against FCA. Instead, the Felisildas followed the preferred procedure for bringing an appellate challenge to an order compelling arbitration. "An order directing parties to arbitrate is nonappealable. (*Maddy v. Castle* (1976) 58 Cal.App.3d 716, 719.) The order is reviewable on appeal from a judgment confirming the award. (Code Civ. Proc., §§ 1294, 1294.2; *Lesser Towers, Inc. v. Roscoe-Ajax Constr. Co.* (1969) 271 Cal.App.2d 675, 692.) The preferred procedure is to proceed by arbitration and attack confirmation on appeal." (*Atlas Plastering, Inc. v. Superior Court* (1977) 72 Cal.App.3d 63, 67.) Consistent with this preferred procedure,

8

the Felisildas seek review of the intermediate order compelling them to arbitrate by appealing from the final judgment confirming the decision of the arbitrator. Consequently, the Felisildas properly challenge the order compelling arbitration in this appeal.

**B.**

***Principles of Review***

In the absence of conflicting extrinsic evidence credited by the trial court, we review questions regarding the interpretation of an agreement to arbitrate under the independent standard of review. (*Mastick v. TD Ameritrade, Inc*. (2012) 209 Cal.App.4th 1258, 1263.) This independent standard of review applies to the question of whether a nonsignatory to the agreement has a right to compel arbitration under that agreement. (*Thomas v. Westlake* (2012) 204 Cal.App.4th 605, 613 (*Thomas*).) Here, there is no dispute about the contents of the sales contract containing the arbitration provision. There is also no extrinsic evidence offered to construe the arbitration provision. Consequently, we independently construe the arbitration provision in this case.

**C.**

***Analysis***

As a general rule, only a party to an arbitration agreement may enforce the agreement. (*Thomas, supra,* 204 Cal.App.4th at p. 613.) However, there are several exceptions that allow a nonsignatory to invoke an agreement to arbitrate. (*JSM Tuscany, LLC v. Superior Court* (2011) 193 Cal.App.4th 1222, 1236-1237 (*JSM Tuscany*).) The doctrine of equitable estoppel is one of the exceptions. (*Ibid*.)

Under the doctrine of equitable estoppel, "as applied in 'both federal and California decisional authority, a nonsignatory defendant may invoke an arbitration clause to compel a signatory plaintiff to arbitrate its claims when the causes of action against the nonsignatory are "intimately founded in and intertwined" with the underlying contract obligations.' (*Boucher* [*v. Alliance Title Co, Inc.* (2005)] 127 Cal.App.4th [262,]

9

271 [(*Boucher*)]; *Goldman* [*v. KPMG, LLP* (2009)] 173 Cal.App.4th [209,] 217-218 [(*Goldman*)].) 'By relying on contract terms in a claim against a nonsignatory defendant, even if not exclusively, a plaintiff may be equitably estopped from repudiating the arbitration clause contained in that agreement.' (*Boucher, supra*, 127 Cal.App.4th at p. 272; *Goldman, supra*, 173 Cal.App.4th at p. 220.)" (*JSM Tuscany*, *supra*, 193 Cal.App.4th at p. 1237.)

"Where the equitable estoppel doctrine applies, the nonsignatory has a right to enforce the arbitration agreement." (*JSM Tuscany*, *supra*, 193 Cal.App.4th at p. 1237, fn. 18.) " 'The fundamental point' is that a party is 'not entitled to make use of [a contract containing an arbitration clause] as long as it worked to [his or] her advantage, then attempt to avoid its application in defining the forum in which [his or] her dispute . . . should be resolved.' " (*Jensen v. U-Haul Co. of California* (2017) 18 Cal.App.5th 295, 306, quoting *NORCAL Mutual Ins. Co. v. Newton* (2000) 84 Cal.App.4th 64, 84.) "In *any* case applying equitable estoppel to compel arbitration despite the lack of an agreement to arbitrate, a nonsignatory may compel arbitration only when the claims against the nonsignatory are founded in and inextricably bound up with *the obligations imposed by the agreement containing the arbitration clause*." (*Goldman v. KPMG, LLP* (2009) 173 Cal.App.4th 209, 173 Cal.App.4th at p. 219.) In determining whether the plaintiffs' claim is founded on or intimately connected with the sales contract, we examine the facts of the operative complaint. (*Goldman,* at pp. 229-230.)

### D.

### *The Felisildas' Claim Against FCA*

Based on language in the sales contract and the nature of the Felisildas' claim against FCA, we conclude the trial court correctly ordered that the entire matter be submitted to arbitration. In signing the sales contract, the Felisildas agreed that "[a]ny claim or dispute, whether in contract, tort, statute or otherwise . . . between you and us . . . *which arises out of or relates to . . .* [*the*] *condition of this vehicle . . .* shall . . . be

resolved by neutral, binding arbitration and not by a court action." (Italics added.) Here, the Felisildas' claim against FCA relates directly to the condition of the vehicle.

In their complaint, the Felisildas alleged that "express warranties accompanied the sale of the vehicle to [them] by which FCA . . . undertook to preserve or maintain the utility or performance of [their] vehicle or provide compensation if there was a failure in such utility or performance." Thus, the sales contract was the source of the warranties at the heart of this case. The Felisildas noted they "delivered the vehicle to an authorized FCA . . . repair facility for repair of the nonconformities." However, "FCA . . . has failed to either promptly replace the new motor vehicle or promptly make restitution in accordance with the Song-Beverly Consumer Warranty Act."

The Felisildas' claim against FCA directly relates to the condition of the vehicle that they allege to have violated warranties they received as a consequence of the sales contract. Because the Felisildas expressly agreed to arbitrate claims arising out of the condition of the vehicle – even against third party nonsignatories to the sales contract – they are estopped from refusing to arbitrate their claim against FCA. Consequently, the trial court properly ordered the Felisildas to arbitrate their claim against FCA.

We reject the Felisildas' reliance on *Kramer v. Toyota Motor Corp.* (9th Cir. 2013) 705 F.3d 1122 (*Kramer*). In *Kramer*, purchasers of Toyota vehicles agreed to arbitrate between themselves and dealerships. (*Id.* at p. 1128.) The retail sales contracts in *Kramer* did not contain any language that could be construed as extending the scope of arbitration to third parties. (*Ibid.*) By contrast, the arbitration provision in this case provides for arbitration of disputes that include third parties so long as the dispute pertains to the condition of the vehicle. As the operative complaint makes clear, the Felisildas' claim arises out of the condition of the vehicle.

We are also not persuaded by the Felisildas' reliance on *Soto v. American Honda Motor Co.* (N.D. Cal., Nov. 20, 2012, No. C 12-01377 SI.) 2012 WL 5877476 (*Soto I*). In *Soto I*, the United States District Court ruled a vehicle purchaser's product liability

11

claim against the manufacturer was not "intertwined" with the sales contract merely because there would have been no warranty in the absence of a sale. (*Id.* at p. *3.) In so determining, the district court in *Soto I* rejected "the 'but-for' test or the 'makes reference to' test" relied upon by another federal district court in *Mance v. Mercedes-Benz USA* (N.D. Cal., Sept. 28 2012, No. CV 11–03717 LB) 2012 WL 4497369 (*Mance*). (*Soto I*, at p. *3.)

We need not resolve the conflict between the *Soto I* and *Mance* federal district courts regarding the applicability of the "but-for test" for equitable estoppel as it relates to arbitrability. First, we note that, although "the decisions of federal district and circuit courts, although entitled to great weight, are not binding on state courts even as to issues of federal law." (*Alan v. Superior Court* (2003) 111 Cal.App.4th 217, 229.)

Second, *Soto I* involved an arbitration provision that did not expressly include third parties as does the language of the sales contract in this case. The district court's decision in *Soto I* was issued on a motion for reconsideration after the manufacturer's original motion to compel arbitration was denied. (*Soto v. American Honda Motor Co.* (N.D. Cal. 2012) 946 F.Supp.2d 949, 952 (*Soto II*).) *Soto II* is illuminating because it notes that the arbitration provision in that case stated that "[e]ither you [(i.e., the purchaser)] or we [(i.e., dealership)] may choose to have any dispute between us decided by arbitration and not in court or by jury trial.' " (*Id.* at pp. 952.) As in *Kramer, supra,* 705 F.3d 1122, the arbitration provision lacked the key language present in this case, namely an express extension of arbitration to claims involving third parties that relate to the vehicle's condition. The express language of the arbitration agreement in this case sets it apart from the arbitration provisions in the *Soto* and *Kramer* decisions.

We are also not persuaded by the Felisildas' reliance on *Jurosky v. BMW of North America, LLC* (S.D. Cal. 2020) ___ F.Supp.3d ___ [2020 WL 1024899] (*Jurosky*). *Jurosky* involved an arbitration clause with the same language as in this case insofar as it stated: "Any claim or dispute, whether in contract, tort, statute or otherwise . . . , between

12

you and us or our employees, agents, successors or assigns, which arises out of or relates to . . . purchase or condition of this vehicle, the contact or any resulting transaction or relationship (*including any such relationship with third parties who do not sign this contract*) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action." (*Id.* at p. ___ [2020 WL 1024899 at p. *2], italics added.) The *Jurosky* court determined that this language was "the same 'you and us' language" that presented in *Kramer*, *supra*, 705 F.3d 1122, and therefore did not compel a vehicle purchaser to arbitrate claims against the manufacturer. (*Jurosky,* at p. ___ [2020 WL 1024899 at p. *3].) However, as we noted above, the arbitration clause in the retail sales contract presented in *Kramer* did not extend the scope of arbitration to any third parties. (*Kramer*, *supra*, 705 F.3d at p. 1125.) We decline to follow the *Jurosky* court's glossing over language in an arbitration clause that expressly includes third party nonsignatories.

We also reject the Felisildas' contention that the rule requiring mutual consent to arbitrate is violated for lack of the Felisildas' consent to arbitrate their claim against FCA. As explained above, the Felisildas' agreement to the sales contract constituted express consent to arbitrate their claims regarding vehicle condition even against third parties. Their consent preceded the motion to compel filed in this case. Granted, FCA did not move for arbitration, but filed only a notice of nonopposition to the dealership's motion to compel. However, the dealership's motion to compel did include FCA as a party to the arbitration. It is the motion that determines the relief that may be granted by the trial court. In *Harris v. Superior Court* (1986) 188 Cal.App.3d 475, our colleagues in the Second District granted a peremptory writ to order the trial court to compel arbitration with a nonsignatory that expressed "willingness to arbitrate" but did not file its own motion to compel as well as a nonsignatory who was a third party beneficiary of the contract containing the arbitration provision. (*Id.* at pp. 477, 480.) Here, Elk Grove Dodge's motion to compel argued the Felisildas' claim against both the dealership and

13

manufacturer should be arbitrated.  Thus, the trial court had the prerogative to compel arbitration of the claim against FCA.[2]

DISPOSITION

The judgment is affirmed.  FCA shall recover its costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1) & (2).)


　　　　　　　　　　　　　　　　　　　　　/s/_____
　　　　　　　　　　　　　　　　　　　　　HOCH, J.


We concur:


　/s/_____
ROBIE, Acting P. J.


　/s/_____
MURRAY, J.

_____

[2]     We deny, as unnecessary to the disposition of this appeal, both the Felisildas' request for judicial notice and FCA's motion to take documentary evidence on appeal.

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| DINA C. FELISILDA et al., | C086043 |
| Plaintiffs and Appellants, | (Super. Ct. No. 34-2015-00183668-CU-BC-GDS) |
| v. | |
| FCA US LLC, | ORDER CERTIFYING OPINION FOR PUBLICATION |
| Defendant and Respondent. | [NO CHANGE IN JUDGMENT] |

APPEAL from a judgment of the Superior Court of Sacramento County, Raymond M. Cadei, Judge. Affirmed.

Rosner, Barry & Babbitt, Hallen D. Rosner, Michelle A. Cook and Arlyn L. Escalante for Plaintiff and Appellant.

Nixon Peabody, Jennifer A. Kuenster; Law Office of David Tennant and David Tennant for Defendant and Respondent.

THE COURT:

The opinion in the above-entitled matter filed on July 24, 2020, was not certified for publication in the Official Reports.  For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.

FOR THE COURT:


 /s/
ROBIE, Acting P. J.


 /s/
MURRAY, J.


 /s/
HOCH, J.

2